**Harry Lincoln BENDER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 596–85.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 27, 1988.

---

Paul R. Lawrence, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Roe Morris, Eleanor M. McCarthy and Jack Millin, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Waiving trial by jury, appellant entered a plea of nolo contendere in a bench trial to the offense of aggravated sexual assault under V.T.C.A., Penal Code, §§ 22.011(a)(2)(A) and 22.021(a)(5). The court assessed punishment at 8 years' imprisonment.

On appeal the only point of error urged was that the "evidence admitted against appellant is insufficient to sustain the conviction."

Appellant argued that the only evidence offered before the court on his plea of guilty was stipulated evidence which was accepted by the court under Article 1.15, V.A.C.C.P., as the basis for its judgment, and that such evidence was insufficient.

The Court of Appeals, in an unpublished opinion, examined the stipulation and agreed with appellant that the forms used for the stipulation and as filled in did not constitute sufficient evidence to sustain the conviction. It reversed the conviction and without citation of authority rendered "a judgment of acquittal." *Bender v. State* (Tex.App.—Houston [1st Dist.], No. 01–84–0554–CR—1985).

In its petitions for discretionary review, the State contended that the Court of Appeals misread and misconstrued the stipulation entered into between the appellant and the State and offered to sustain appellant's plea of nolo contendere. We granted the State's petitions to determine the correctness of the decision of the Court of Appeals.

It is obvious that appellant or his counsel took the Harris County form used for stipulations where the plea in a felony case before the court is guilty or nolo contendere and through interlineation "modified" what would have otherwise been a written judicial confession. The interlineation and resulting modification was apparently not observed by the State, and the stipulations were offered by the State as evidence and were "accepted by the court as the basis for its judgment." Article 1.15, V.A.C.C.P.

There can be no question that the plea of nolo contendere was freely and voluntarily entered, and that the appellant was duly admonished of the consequences of the plea in accordance with Article 26.13, V.A.C.C.P. In addition the appellant waived in writing the appearance, confrontation and cross-examination of witnesses against him and also waived his privilege against self-incrimination and consented to both the oral and written stipulation of evidence, etc. See Article 1.15, V.A.C.C.P. Appel-

lant does not contend etc. In the same written form (for waiver of rights, etc.) is found typed the allegations of the indictment. The first count was crossed out on the form leaving only the allegations of the second consent to which the appellant entered a plea of non-contendere. Below this part of the form is found the printed statement, "I understand the above allegations and I confess that they are true and that the acts alleged were committed on _____." While the date was filled in on the form, someone struck the words "... I confess that they [allegations] are true" and entered interlineations in ink which prevented the stipulation from being a judicial confession when it was sworn to by the appellant. Thus, it is obvious that the appellant or his counsel or someone took the Harris County form used for stipulations where the plea before the court in a felony case is guilty or nolo contendere and through interlineation "modified" what would have otherwise been a written judicial confession, which standing alone would have been sufficient to meet the evidentiary requirements of Article 1.15, supra. The interlineation and resulting modification of the form were apparently not observed by the State which offered the stipulations as evidence and "were accepted by the court as the basis for its judgment." Article 1.15, supra.

The "doctored up" portion of the waiver form as utilized was the basis of the complaint on appeal that the evidence was insufficient.

■ The Court of Appeals found that a reading of the stipulations reflected insufficient evidence and ordered an acquittal. If the stipulation is insufficient to meet the requirements of Article 1.15, supra, that is one matter; the order of acquittal is another. The Court of Appeals cites no authorities for the order of acquittal. Surely a defendant who enters a nolo contendere plea freely and voluntarily and persists in such plea despite the admonishment of the consequences is not entitled to go free and stand acquitted because of the interlineation utilized. The order of acquittal may well rest upon *Burks v. United*

*States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed. 2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), which held that the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution precludes a second trial once the reviewing court has found the evidence legally insufficient to support the conviction.

While the said double jeopardy prohibition is applicable to the states, *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), it is important to note that *Burks* and *Greene* involved contested jury trials where the plea in each case was "not guilty" and where the burden was on the prosecution to prove each element of the criminal offense beyond a reasonable doubt. *See In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

In the instant case the prior conviction involved a plea of nolo contendere before the court and a failure to comply with a state statute. Article 1.15, supra.

In *Ex parte Williams,* 703 S.W.2d 674 (Tex.Cr.App.1986), it was held there is no federal constitutional requirement that evidence of guilt must be offered to corroborate a guilty or nolo contendere plea in a state criminal prosecution and that the "rationality" test of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), has no application thereto, and that a defendant cannot collaterally attack the sufficiency of the evidence to support his plea of guilty or nolo contendere.

■ More recently in *Ex parte Martin,* 747 S.W.2d 789 (Tex.Cr.App.1988), this Court held that *Burks* and *Greene* do not apply in a federal constitutional sense to federal or state cases where the defendant has intelligently and voluntarily entered a plea of guilty or nolo contendere, noting that *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969), made clear that such a plea is a conviction with nothing remaining but for the court to determine punishment and render judgment. *See* and *cf.* Federal Rules Cr.Pro. Rule 11(f). *Martin* also made clear that the failure to comply with the rather unique Texas statute (Article 1.15, supra)

does not constitute a federal constitutional violation, nor render *Burks* and *Greene* applicable, so that a defendant who intelligently and knowingly enters a guilty plea may stand acquitted forevermore of the crime.[1]

■ Thus, *Burks* and *Greene* are not a basis for ordering an acquittal in the instant case. Further, if the court accepted such stipulated evidence as the basis for its judgment, there was trial error in light of Article 1.15, supra. *Burks* and *Greene* have no application to trial error. *Martin,* supra.

The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court.

TEAGUE, J., dissents.

CLINTON, Judge, dissenting.

Upon his plea of nolo contendere before the court appellant was convicted of the offense of aggravated sexual assault under the terms of V.T.C.A. Penal Code, §§ 22.-011(a)(2)(A) and 22.021(a)(5), and his punishment was assessed at eight years in the Texas Department of Corrections. On appeal he challenged the sufficiency of the stipulated evidence to support the judgment of conviction, asserting that it failed to show that the victim of the alleged offense was not his spouse, or that she was a child younger than 14 years of age, as alleged in the indictment. In an unpublished opinion the First Court of Appeals in Houston sustained appellant's contention, reversed the judgment of the trial court, and ordered a judgment of acquittal. *Bender v. State,* No. 01-84-0554-CR, delivered April 25, 1985. We granted the State's petition for discretionary review to examine the State's contention that the court of appeals erred in failing to apply "the rule that stipulations are reasonably and liberally construed with a view to effectuating the parties' intentions." *O'Conner v. State,* 401 S.W.2d 237, 238 (Tex.Cr. App.1966).

There was no agreed recommendation as to punishment in this cause. Nevertheless, the first paragraph of the indictment, alleging another theory of the same offense, was dropped by the State. The stipulation begins with an acknowledgement of the charges brought against him, reading in relevant portion:

"The charges against me allege that in Harris County, Texas, I, Harry Lincoln Bender, hereafter styled the Defendant, heretofore on or about January 18, 1984, did then and there unlawfully ... intentionally and knowingly cause the penetration of the vagina of [A.M.B.], hereafter styled the complainant, a person younger than fourteen years of age and not his spouse by placing his finger in the vagina of the complainant."

This portion of the stipulation was for the most part a typewritten duplicate of the second paragraph of the indictment. What appears next is handwritten, and reads:

"I further stipulate that if [A.M.B.] were called to testify, she would testify that on January 18, 1984, in Harris Co., Texas, I caused penetration of her vagina with my finger."

The form upon which the stipulation was made continues in the manner of a judicial confession, *viz:* "I understand the above allegations and I confess that they are true and that the acts alleged above were committed on ... ," after which a blank space is provided to supply the date. Through interlineation, and by filling in the applicable date, this provision was modified so that it now reads:

"I understand the above allegations and I stipulate that [A.M.B.] would testify to the above and that the acts alleged above were committed on January 18, 1984."

In construing this last, modified portion of the stipulation, the court of appeals observed, and then concluded:

"A subordinate clause may be used as a noun. In the instant case, both subordinate clauses are used as nouns; they are direct objects. Since the compound

---

1. To the extent that *Laflore v. State,* 595 S.W.2d 862 (Tex.Cr.App.1980), and *Thornton v. State,* 601 S.W.2d 340 (Tex.Cr.App.1980) (Opinion on Rehearing), and their progeny are in conflict with this opinion they are overruled to the extent of the conflict.

subordinate clauses are a series, a complete sentence should result when each clause is read with the introductory noun and verb, 'I stipulate.' Also, the subordinate clauses which are used as direct objects are compound; thus, *both* clauses receive the action of the verb 'stipulate.'

"Therefore, the first subordinate clause stipulates that A.M.B. would testify that the appellant penetrated her vagina with his finger on January 18, 1984 (paragraph [2]). The second subordinate clause stipulates that the acts alleged in paragraph [2], i.e., penetration of the complainant's vagina with appellant's finger, occurred on January 18, 1974 [sic]. However, there is no judicial confession by the appellant that *he* committed the acts alleged within the indictment, and there is no stipulation that A.M.B. was a person younger than 14 years of age, or that she was not appellant's spouse." *

On this finding, the court of appeals found the evidence to be insufficient.

In reaching this result the court of appeals interpreted the phrase in the third paragraph of the stipulation, "that [A.M.B.] would testify *to the above* ...," to refer back only to the handwritten second paragraph wherein it was stipulated that if A.M.B. were to testify, it would be to the effect "that on January 18, 1984, in Harris Co., Texas, [appellant] caused penetration of her vagina, with [his] finger." The State now argues that "the above" should be read also to refer back to the first paragraph of the stipulation, so as to include the assertion that A.M.B. would testify that on January 18, 1984 she had been "a person younger than fourteen years of age and not his spouse," since this would effectuate the obvious intent of the parties that each element of the offense be covered in order to support the judgment.

There are a number of problems with the State's position. In the first place, it seems reasonable to conclude that in making the handwritten modification in paragraph three of the stipulation, "that A.M.B. would *testify* to *the above*," what is referred to is the earlier, also handwritten,

second paragraph of the stipulation, wherein is explicitly set out the substance of what A.M.B. would "testify" to. Indeed, apparently no other interpretation even occurred to the court of appeals.

Even if we read "the above" to refer back to the first paragraph, however, literally construed, all this would accomplish is to stipulate that A.M.B. would testify to what appellant himself had already acknowledged in that first paragraph, *viz:* that the indictment did indeed *allege* that she was younger than fourteen years of age and not his spouse. Obviously, stipulating that an allegation has been *made* does not prove the allegation. Therefore, simply interpreting "the above" to embrace the first paragraph does not of itself supply proof to establish the missing elements.

It is possible that, construed liberally, the stipulation that A.M.B. would testify to "the above" could be read to mean that she would substantiate every allegation made in the first paragraph of the stipulation, not simply testify that such allegations have in fact been made. The State argues such a construction would effectuate the obvious intent of the parties. All that bears on ascertaining the intent of the parties, however, is that, by modifying the third paragraph of the stipulation, appellant manifested an unwillingness to judicially confess to the allegations in the indictment. In view of this we will not presume, absent a clear indication on the face of the document itself, an intent on appellant's part to stipulate to *every* element of the offense necessary to support the judgment of conviction. To hold otherwise would suggest that an intent to supply sufficient evidence to support a judgment of conviction will arise from the mere fact of a plea of guilty or nolo contendere, coupled with *any* stipulation of facts, regardless of whether that stipulation embraces every element of the alleged offense. We steadfastly refuse thus to "liberally construe" stipulations in such a way as to reduce the State's statutorily prescribed burden of proof. See *Thornton v.*

---

* Emphasis in the original. All other emphasis supplied unless otherwise indicated.

*State,* 601 S.W.2d 340 (Tex.Cr.App.1980); Article 1.15, V.A.C.C.P.

*O'Conner v. State,* supra, relied on by the State, is factually inapposite. There, in a prosecution for possession of heroin, the defendant stipulated that the State would offer the testimony of the arresting officer given at his examining trial, and that a chemist would give testimony "as reflected" in a report made at the time of his analysis of the substance found in the defendant's possession. He further stated that the contents of the officer's testimony and of the chemist's report were "true and correct." Instead of actually offering these into evidence, however, the prosecutor paraphrased them for the court. Appellant did not object. On appeal he "insisted that the evidence presented by the State was not authorized by the stipulation entered into between the parties and was therefore insufficient to show appellant's guilt." *Id.,* at 238. In effect, he argued that because the *manner* of presentation of the evidence in support of the plea was not that agreed upon, there was no valid evidentiary support for the judgment. Finding a clear intention that sufficient evidence should in *some* manner be presented, this Court construed the stipulation liberally, to include the actual manner utilized.

Having found no clear indication that appellant intended to stipulate to the full *substance* of the offense alleged against him, we decline to apply the rule of liberal construction to supply the missing elements of proof in the instant case.

The majority essentially agrees with my treatment of the sole ground for review presented by the State in its petition for discretionary review and, thus, the only issue before this Court. However, for it "the order of acquittal is another [matter]." At 280.

In its PDR the State prayed that this Court "reverse the decision of the Court of Appeals." PDR, at 6. Because we have found the ground for review without merit, the relief prayed for by the State cannot be granted. The proper judgment rendered by this Court is an affirmance of the judg-

ment of the court of appeals. That court did indeed order an acquittal, but propriety of its order has not been challenged.

The majority gratuitously surmises, "The order of acquittal *may* well rest upon *Burks v. United States* ... and *Green v. Massey* [.]" at 280. However, as the Court of Appeals correctly discerned:

"... The state's burden is not lessened by a plea of no contest, and the stipulation of evidence must contain every element of the offense to uphold the verdict. *Thornton v. State* 601 S.W.2d 340, 344 (Tex.Cr.App.1979) (op. on reh'g); Tex.Code Crim.P.Ann. art. 1.15 (Vernon 1977)."

Thus its order of acquittal does not rest on *Burks–Massey.* Neither does *Thornton v. State,* supra. *Ex parte Martin,* 747 S.W. 2d 789 (Tex.Cr.App.1988) (Clinton, J., dissenting, at 793–796).

DUNCAN, J., joins.