Michael **MONTALBO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–92–00310–CR.

Court of Appeals of Texas, San Antonio.

Oct. 27, 1993.

**256**

Paul J. Goeke, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before BUTTS, PEEPLES and RICKHOFF, JJ.

1. Article 42.12 § 5(a) of the Code of Criminal Procedure provides that the court may, after receiving a plea of guilty or nolo contendere, *hearing the evidence, and finding that it substantiates the defendant's guilt,* defer further proceed-

## OPINION

BUTTS, Justice.

Appellant entered a plea of nolo contendere to possession of cocaine pursuant to a plea bargain. The court entered an order deferring adjudication and placing appellant on probation for eight years. Appellant raises four points of error in this appeal, contending that the evidence is legally and factually insufficient to support the order deferring adjudication; the court erred in denying his motion to suppress; and the court erred in overruling his motion to reveal the identity of a confidential informant. *See* Tex.R.App.P. 40(b)(1); *Dillehey v. State,* 815 S.W.2d 623, 626 (Tex.Crim.App.1991). We reverse and remand.

■■ In point of error one, appellant contends that the evidence is legally insufficient to support the order deferring adjudication.[1] The State urges that appellant cannot raise this issue because he entered a plea of nolo contendere pursuant to a plea bargain and did not receive permission of the trial court to appeal the sufficiency of the evidence. We agree with the conclusion in *Davis v. State,* 773 S.W.2d 404 (Tex.App.—Fort Worth 1989, pet. granted) that a defendant who pleads guilty or nolo contendere pursuant to a plea bargain may thereafter appeal the sufficiency of the evidence to support the plea even in the absence of permission from the trial court. *Id.* at 406–07. Thus, we may address appellant's first point of error.

At trial, the State relied solely on exhibits one through six to establish appellant's guilt. On appeal, the State asserts that appellant entered a judicial confession (exhibits one and two) and that this alone is sufficient evidence. *See Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Crim.App. [Panel Op.] 1978), *overruled in part on other grounds, Morgan v. State,* 688 S.W.2d 504, 507 (Tex.Crim.App. 1985); *Cevalles v. State,* 513 S.W.2d 865, 866 (Tex.Crim.App.1974). We have examined the document to which the State refers (entitled "Waiver, Consent to Stipulation of Testi-

ings without entering an adjudication of guilt, and place the defendant on probation.... Tex Code Crim Proc Ann. art. 42.12 § 5(a) (Vernon Supp.1993).

mony and Stipulations") and must conclude that it does not constitute a judicial confession.

The document, apparently a pre-printed form, states as follows:

> I <u>Michael E. Montalbo</u>, do hereby judicially confess and admit, that I intentionally and knowingly, in Bexar County, Texas on <u>or about October 3,</u> 1991, did then and there knowingly and intentionally possess a controlled substance, namely: CO-CAINE, which by aggregate weight, including any adulterants and dilutants was of an amount less than twenty-eight (28) grams.

Someone, presumably appellant or his counsel, crossed out the words "confess and admit" and wrote above them "not contest." Further, the document contains a statement that appellant admits that he is the person named in the indictment, that the acts alleged occurred in Bexar County, and that "the allegations are true and correct." Again, the words "true and correct" are crossed out and "uncontested" is written in above them.

A similar situation was presented to the court of criminal appeals in *Bender v. State,* 758 S.W.2d 278 (Tex.Crim.App.1988). Defendant in that case also entered a plea of nolo contendere and also modified a printed form which would otherwise have constituted a judicial confession. *Id.* at 279. The court held that the resulting document was insufficient to support the conviction. *Id.* at 280.

The "Waiver, Consent to Stipulation of Testimony and Stipulations" in the present case cannot be construed to be a judicial confession. Appellant did not admit to the truth of the allegations against him. He merely stated that he was not contesting those allegations. This is tantamount to remaining silent and, as in *Bender,* cannot be considered any evidence of guilt. Because there is no judicial confession, we must examine the other exhibits introduced by the State to determine whether they constitute sufficient evidence to support the order deferring adjudication in the present case.

The only other evidence introduced by the State consisted of two police reports and a laboratory report showing that the substance in issue was cocaine. The first police report states, in essence, that police officers conducted a search of appellant's house pursuant to a warrant. At the time the warrant was executed, appellant and his girlfriend were in a bedroom in the house. All of the occupants of the house were taken to the living room and read their rights and a copy of the warrant. The police then asked where the cocaine was. Another party at the scene responded that the cocaine was on top of a bookcase, that the "stuff" was his, and that appellant did not have anything to do with it. Appellant and the person who admitted owning the cocaine were arrested. A supplemental report states that approximately 1.5 grams of cocaine was found on top of a wall unit in a blue metal container.

■ The elements the State must prove to support a conviction for unlawful possession of a controlled substance are (1) that the defendant exercised care, control, and management over the substance; and (2) that he knew that what he possessed was contraband. *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Humason v. State,* 728 S.W.2d 363, 364–65 (Tex.Crim.App.1987); *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App.1985). These elements may be proved by circumstantial evidence. *McGoldrick v. State,* 682 S.W.2d at 578; *Sewell v. State,* 578 S.W.2d 131, 135 (Tex.Crim. App. [Panel Op.] 1979). It is not, however, sufficient to show that the defendant was merely present in the vicinity of a controlled substance. *Humason v. State,* 728 S.W.2d at 365. The State must also provide evidence of affirmative links between the defendant and the substance. *Id.* at 365–66.

The evidence in the present case shows no more than that appellant was present in the vicinity of a controlled substance. Even disregarding the statement that appellant had nothing to do with the cocaine, there is a complete lack of any evidence affirmatively linking appellant to that substance. The evidence is insufficient to support the order deferring adjudication. Point of error one is sustained.

■ Ordinarily, upon a finding that the evidence is insufficient to support a convic-

tion, this court must reverse the judgment and order an acquittal. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). The court of criminal appeals has held, however, that *Burks* and *Greene* do not apply when the appellant has entered a plea of guilty or nolo contendere. *See Bender v. State,* 758 S.W.2d at 280–81; *Ex parte Martin,* 747 S.W.2d 789, 792–93 (Tex.Crim.App.1988). The proper relief in such a case is to reverse the judgment and remand the cause to the trial court. *Bender v. State,* 758 S.W.2d at 281.

Because of our disposition of point of error one, we need not consider point of error two, which raises the question whether factual sufficiency of the evidence is properly subject to review by this court in the absence of an issue upon which appellant had the burden of proof. *See e.g., Mukes v. State,* 828 S.W.2d 571, 573–74 (Tex.App.—Houston [14th Dist.] 1992, no pet.) (courts of appeals lack such power); *Stone v. State,* 823 S.W.2d 375, 377 (Tex.App.—Austin 1992, pet. ref'd, untimely filed) (courts of appeals have such power); *Jones v. State,* 817 S.W.2d 854, 855–56 (Tex. App.—Houston [1st Dist.] 1991, no pet.) (courts of appeals lack such power); *Nielsen v. State,* 836 S.W.2d 245, 251 (Tex.App.— Texarkana 1992, pet. ref'd) (Bleil, J., concurring) (courts of appeals have such power).

We will address points of error three and four because they present issues that are likely to arise on retrial.

In point of error three, appellant contends that the court erred in denying his motion to suppress because the State failed to display the search warrant to the trial court. "When a defendant objects to the court admitting evidence on the ground that it was unlawfully seized and the State relies on a search warrant, *in the absence of a waiver,* reversible error will result unless the record reflects that the warrant was exhibited to the trial judge." *Cannady v. State,* 582 S.W.2d 467, 469 (Tex.Crim.App. [Panel Op.] 1979) (em-

phasis added). Appellant did not assert in the trial court the failure of the State to produce the search warrant. Indeed, it does not appear from our record that the existence of the warrant was ever in dispute. No error has been preserved for our review. *See* Tex.R.App.P. 52(a). Point of error three is overruled.

■ In point of error four, appellant contends that the court erred in overruling his motion to reveal the identity of the confidential informant upon whose information the search warrant was based. The disclosure of an informant's identity is controlled by rule 508 of the rules of criminal evidence. That rule requires that there be a reasonable probability that the informant can give testimony "necessary to a fair determination of the issues of guilt, innocence." Tex.R.Crim. Evid. 508(c)(2); *see Anderson v. State,* 817 S.W.2d 69, 71 (Tex.Crim.App.1991); *Bodin v. State,* 807 S.W.2d 313, 317–18 (Tex.Crim.App. 1991). The exception to the informant identity privilege is no longer restricted to the three categories set forth in *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).[2] *Anderson v. State,* 817 S.W.2d at 71–72; *Bodin v. State,* 807 S.W.2d at 318.

In determining the amount of proof necessary for a defendant to show that disclosure of the informant's identity is necessary to a fair determination of guilt or innocence, the court in *Bodin* stated as follows:

The informer's potential testimony must significantly aid the defendant and mere conjecture or supposition about possible relevancy is insufficient.

The defendant has the threshold burden of demonstrating that identity must be disclosed. Since the defendant may not actually know the nature of the informer's testimony, however, he or she should only be required to make a plausible showing of how the informer's information may be important.

---

2. Disclosure was not required under *Roviaro* unless the informant:
    1) participated in the offense; or 2) was present at the time of the offense or arrest; or 3) was otherwise shown to be a material witness

to the transaction or as to whether the defendant knowingly committed the offense charged.
*Anderson v. State,* 817 S.W.2d at 71.

Evidence from any source, but not mere conjecture or speculation, must be presented to make the required showing that the informer's identity must be disclosed. The mere *filing* of a Rule 508 motion is insufficient to obtain a hearing, much less compel disclosure.

*Bodin v. State*, 807 S.W.2d at 318 (citations omitted; emphasis in original).

Turning to the case at bar, we hold that appellant did not meet his burden of demonstrating that the identity of the informant must be disclosed. The only evidence presented on this issue was that the informant told the police that cocaine was present in appellant's house within the previous twenty-four hours. The informant did not say that appellant was in physical possession of the cocaine, and he also indicated that other people might be at the house. Appellant argues that the informant could testify regarding whether appellant was actually in possession of the cocaine or not. This is mere speculation or conjecture and does not rise to a plausible showing of the importance of the informant's testimony.

Further, the evidence does not show that the informant's testimony would significantly aid appellant's defense. While the informant could possibly testify that appellant knew that the cocaine was in the house,[3] he could not testify as to the appellant's lack of knowledge. Such lack of knowledge is not capable of observation. Also, even if the informant testified that appellant was not in physical possession of the cocaine at the time the informant was in the house, this testimony would not foreclose a finding that appellant was in possession of the cocaine at the time of the search or arrest.

Because appellant did not demonstrate the necessity for disclosure of the informant's identity, the court did not err in overruling his motions to disclose. *Compare Bodin v. State*, 807 S.W.2d at 318–19 (defendant made plausible showing that informant planted narcotics in his house; information was relevant to possible entrapment defense). Point of error four is overruled.

3. For example, the informant might have observed appellant in physical possession of the cocaine or might have heard him make some

The judgment is reversed and the cause is remanded to the trial court for further proceedings.

statement indicating knowledge of its presence in the house.