IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1530-08






ROBERT LEE MENEFEE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


SMITH COUNTY





 Cochran, J., filed a concurring opinion.


OPINION 



 I join the opinion of the Court as well as Judge Womack's concurring opinion. I agree
with the majority that the explicit terms of Article 1.15 (1) were not met in this case. The entry
of a formal plea does not suffice as independent evidentiary support for that guilty plea. I
also agree with Judge Womack that the requirement of submitting or stipulating to evidence
supporting a guilty plea under Article 1.15 no longer has much purpose or importance. 
Historically, the requirement that a conviction, including a guilty plea, must be supported by
evidence relates back to the common law corpus delicti rule. (2) The purpose of that rule is to
ensure that a person is not convicted based solely upon his own extrajudicial false confession
to a crime that never occurred. (3) But, as Judge Womack aptly notes, there are many ways to
protect that interest in the context of a guilty plea in open court. (4) As he concludes, it is the
Legislature's prerogative to establish the particular means to protect that interest, but Article
1.15 provides very poor protection at best. And it can make the law a laughingstock.

 This case is a good example of why the "independent evidence" requirement of
Article 1.15 may serve little purpose. Here, no one is suggesting that appellant is innocent
of the crime to which he pled guilty, nor is anyone suggesting that independent evidence of
his guilt does not exist. The problem here is a simple typographical error. The word
"possessed" was left out of the stipulation of evidence. No one noticed it. No one cared at
the time of the plea. There is no such crime as "did then and there with intent to deliver, a
controlled substance, namely, cocaine, in an amount of one (1) gram or more but less than
four (4) grams, including adulterants and dilutants." There is no such sentence in the English
language. The problem is obviously one of form, not substance.

 It is, as the majority correctly notes, trial error. (5) It is hard to imagine how this 
typographical omission could "affect appellant's substantial rights" under our current
harmless error rule, (6) but because the parties have not yet had an opportunity to present
arguments on that issue, and the court of appeals has not addressed it, I agree that this case
should be returned to that court.

Filed: July 1, 2009

Publish

 


 
1. Tex. Code Crim. Proc. art. 1.15.
2. See Salazar v. State, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002) ("The corpus delicti
rule guarded against the shocking spectacle and deleterious effect upon the criminal justice
system when a murder victim suddenly reappeared, hale and hearty, after his self-confessed
murderer had been tried and executed.") (citing Rollin M. Perkins & Ronald N. Boyce,
Criminal Law 142 (3d ed. 1982)); see also Warszower v. United States, 312 U.S. 342, 347
(1941) ("The rule requiring corroboration of confessions protects the administration of the
criminal law against errors in convictions based upon untrue confessions alone."); East v. State,
175 S.W.2d 603, 605 (Tex. Crim. App. 1942) ("The wisdom of this rule lies in the fact that no
man should be convicted of a crime, the commission of which he confesses, unless the State
shows, by other testimony, that the confessed crime was in fact committed by someone. The
contrary would authorize a return of conditions that existed in the days of the inquisition.");
Commonwealth v. Turza, 16 A.2d 401, 404 (Pa. 1940) (The purpose of the corpus delicti rule is
to guard against "the hasty and unguarded character which is often attached to confessions and
admissions and the consequent danger of a conviction where no crime has in fact been
committed.").
3. See Salazar, 86 S.W.3d at 644.
4. See Concurring Op. at 1-2 (Womack, J., concurring) (quoting Wayne R. LaFave et
al., Criminal Procedure § 21.4(f) (3d ed. 2000)).
5. Majority Op. at 8 (citing Bender v. State, 758 S.W.2d 278, 280-81 (Tex. Crim. App.
1988); Ex parte Martin, 747 S.W.2d 789, 793 (Tex. Crim. App. 1988)).
6. Tex. R. App. P. 44.2(b) ("Any [non-constitutional] error, defect, irregularity, or variance
that does not affect substantial rights must be disregarded.").