

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1530-08

**ROBERT LEE MENEFEE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### SMITH COUNTY

**COCHRAN, J.,** *filed a concurring opinion.*

### OPINION

I join the opinion of the Court as well as Judge Womack's concurring opinion. I agree

with the majority that the explicit terms of Article 1.15[1] were not met in this case. The entry

of a formal plea does not suffice as independent evidentiary support for that guilty plea. I

also agree with Judge Womack that the requirement of submitting or stipulating to evidence

supporting a guilty plea under Article 1.15 no longer has much purpose or importance.

---

[1] TEX. CODE CRIM. PROC. art. 1.15.

Historically, the requirement that a conviction, including a guilty plea, must be supported by evidence relates back to the common law *corpus delicti* rule.[2]  The purpose of that rule is to ensure that a person is not convicted based solely upon his own extrajudicial false confession to a crime that never occurred.[3]  But, as Judge Womack aptly notes, there are many ways to protect that interest in the context of a guilty plea in open court.[4]  As he concludes, it is the Legislature's prerogative to establish the particular means to protect that interest, but Article 1.15 provides very poor protection at best.  And it can make the law a laughingstock.

This case is a good example of why the "independent evidence" requirement of Article 1.15 may serve little purpose.  Here, no one is suggesting that appellant is innocent of the crime to which he pled guilty, nor is anyone suggesting that independent evidence of

---

[2] *See Salazar v. State,* 86 S.W.3d 640, 644 (Tex. Crim. App. 2002) ("The *corpus delicti* rule guarded against the shocking spectacle and deleterious effect upon the criminal justice system when a murder victim suddenly reappeared, hale and hearty, after his self-confessed murderer had been tried and executed.") (citing ROLLIN M. PERKINS & RONALD N. BOYCE, CRIMINAL LAW 142 (3d ed. 1982)); *see also Warszower v. United States,* 312 U.S. 342, 347 (1941) ("The rule requiring corroboration of confessions protects the administration of the criminal law against errors in convictions based upon untrue confessions alone."); *East v. State,* 175 S.W.2d 603, 605 (Tex. Crim. App. 1942) ("The wisdom of this rule lies in the fact that no man should be convicted of a crime, the commission of which he confesses, unless the State shows, by other testimony, that the confessed crime was in fact committed by someone. The contrary would authorize a return of conditions that existed in the days of the inquisition."); *Commonwealth v. Turza,* 16 A.2d 401, 404 (Pa. 1940) (The purpose of the *corpus delicti* rule is to guard against "the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed.").

[3] *See Salazar,* 86 S.W.3d at 644.

[4] *See* Concurring Op. at 1-2 (Womack, J., concurring) (quoting WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 21.4(f) (3d ed. 2000)).

his guilt does not exist.  The problem here is a simple typographical error.  The word "possessed" was left out of the stipulation of evidence.  No one noticed it.  No one cared at the time of the plea.  There is no such crime as "did then and there with intent to deliver, a controlled substance, namely, cocaine, in an amount of one (1) gram or more but less than four (4) grams, including adulterants and dilutants."  There is no such sentence in the English language.  The problem is obviously one of form, not substance.

It is, as the majority correctly notes, trial error.[5]  It is hard to imagine how this typographical omission could "affect appellant's substantial rights" under our current harmless error rule,[6] but because the parties have not yet had an opportunity to present arguments on that issue, and the court of appeals has not addressed it, I agree that this case should be returned to that court.

Filed: July 1, 2009

Publish

---

[5] Majority Op. at 8 (citing *Bender v. State*, 758 S.W.2d 278, 280-81 (Tex. Crim. App. 1988); *Ex parte Martin*, 747 S.W.2d 789, 793 (Tex. Crim. App. 1988)).

[6] Tex. R. App. P. 44.2(b) ("Any [non-constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").