PD-1534-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/29/2014 11:16:54 AM
Accepted 12/30/2014 10:03:50 AM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS

NO. PD-1534-14

ROGER ALAN SCOTT,

Appellant.

v.

THE STATE OF TEXAS,

Appellee,

APPELLANT'S RESPONSE
TO STATE'S PETITION FOR DISCRETIONARY REVIEW

DON DAVIDSON
Attorney-at-Law
Forest Ridge Business Park, Suite 203
803 Forest Ridge Drive
Bedford, Texas  76022-7258
(817) 571-4940
FAX:  (817) 571-4940
Cellular:  (817) 343-8042
Email: donatty@flash.net
Texas Bar No. 05430840
Attorney for Appellant
ROGER ALAN SCOTT

TABLE OF CONTENTS

## Table of Contents

TABLE OF CONTENTS ............................................................................. i

TABLE OF AUTHORITIES ...................................................................... ii

FACTS ...................................................................................................... 1

DISCUSSION ........................................................................................... 4

    A.    Background ........................................................................ 4

    B.    The Supreme Court's decision in Burks precludes retrial of Mr. Scott, and thus it also bars the State's petition for discretionary review. ........................................................ 6

    C.    This is not an appropriate case for review because its statewide impact would be minimal. ....................................... 7

    D.    The Court of Appeals correctly concluded that the evidence was legally insufficient. ..................................... 7

    E.    This is not an appropriate case to provide clarification of Crabtree as requested by the State's P.D.R. .............................. 11

CERTIFICATE OF SERVICE FOR RESPONSE ................................... 13

CERTIFICATE OF COMPLIANCE ....................................................... 14

# TABLE OF AUTHORITIES

**CASES**

*Bender v. State*, 758 S.W.2d 278 (Tex.Crim.App. 1988)      6

*Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)      6

*Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)   6

*Byrd v. State*, 336 S.W.3d 242 (Tex.Crim.App. 2011)      8

*Crabtree v. State,* 389 S.W.3d 820 (Tex.Crim.App. 2012)      7, 8, 11

*Evans v. Michigan*, --- U.S. ---, 133 S.Ct. 1069, 185 L.Ed.2d 124 (2012)   7

*Hooper v. State*, 214 S.W.3d 9 (Tex.Crim.App. 2007)      10

*Scott v. State*, No. 13-12-00671-CR (Tex.App.—Corpus Christi, Oct. 16, 2014, pet. filed)      3

*Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440 (Tex. 1993)      11


**STATUTES**

720 Illinois Compiled Statutes 5/11-1.20      1

720 Illinois Compiled Statutes 5/12-13(a)(3)      1

Texas Code of Criminal Procedure, Article 62.001(5)      4

Texas Code of Criminal Procedure, Article 62.001(6)      5

Texas Code of Criminal Procedure, Article 62.003      4

Texas Code of Criminal Procedure, Article 62.051      4

Texas Code of Criminal Procedure, Article 62.101      5, 6, 9

Texas Code of Criminal Procedure, Article 62.401      5

FACTS

On June 3, 1999, Mr. Scott was convicted in Illinois of the offense of criminal sexual assault, in violation of 720 Illinois Compiled Statutes (ILCS) 5/12-13(a)(3), [1] and was sentenced to confinement for four years. (III:State's Exhibit 1) Mr. Scott was admitted to the Illinois Department of Corrections (IDOC) on June 16, 1999, and was discharged out on November 18, 1999. (III:State's Exhibit 1)

Mr. Scott moved to Texas in 2009. (II:62-63) On March 1, 2011, Mr. Scott was living in Arlington, Texas. (III:State's Exhibit 3) On that date, Detective William Landolt of the Arlington Police Department advised Mr. Scott in writing, using Department of Public Safety form CR-32, that he was required to register for life in Texas as a sex offender. (II:16-27; III:State's Exhibit 3) The form also informed Mr. Scott that, *inter alia*, he was required to notify the Arlington Police Department, Sex Offender Unit, at least seven days prior to moving to a new residence in Texas or in another state. (III:State's Exhibit 3)

---

[1] This statute is now 720 ILCS 5/11-1.20(a).

On March 10, 2011, Mr. Scott moved from Arlington, Texas to Grand Prairie, Texas, and gave proper notice of the move. (II:32-33, 63) On about July 7, 2011, Mr. Scott's landlord told him he would have to leave because of his sex offender status, so Mr. Scott left Texas and travelled to Michigan. (II:63-68) Detective Josh Lovelace of the Grand Prairie Police Department testified that Mr. Scott did not provide notice of his anticipated move or his new address. (II:38, 46)

Mr. Scott was tried before the court (non-jury) on September 21, 2012. The State did not present any evidence to establish that the Texas Department of Public Safety (DPS) had made a determination in Mr. Scott's case that his Illinois offense required him to register as a sex offender in Texas, nor that DPS had made a determination that Mr. Scott's offense was "a sexually violent offense" requiring lifetime registration. The only testimony in this regard was that of Detective Lovelace, who was asked by the State's attorney, "Do you know why he had to register with your unit?" (II:33, 34) Mr. Scott's attorney objected to this question as calling for hearsay, and the trial court overruled the

objection. (II:33-34) Detective Lovelace then testified as follows in response to the question from the State's attorney:

> A. Yes. The records that I had in my file showed that he had a conviction out of Illinois for a sexual crime against a child, which would be equal to sexual assault of a child in the state of Texas, which requires him to register through Chapter 62, Code of Criminal Procedure.
> Q. And how do you know it would be substantially -- or would you say it was sub -- it's substantially similar to sexual assault of a child?
> A. Yes. Out-of-state convictions are reviewed by attorneys with DPS for the State. They make the comparisons for a conviction from out of state, and they match that up with a conviction that would be in the state of Texas.

(II:34-35)

Upon completion of the evidence, the trial court found Mr. Scott guilty as charged in the indictment and sentenced him to five years in prison. (CR:23-24; II:75-76, 90)

Upon appellate review, the Thirteenth Court of Appeals reversed Mr. Scott's conviction, holding that the evidence was legally insufficient to sustain his conviction. *Scott v. State*, No. 13-12-00671-CR (Tex.App.—Corpus Christi, Oct. 16, 2014, pet. filed).

## DISCUSSION

### A.    Background

Article 62.051 of the Texas Code of Criminal Procedure requires a person with a "reportable conviction or adjudication" to register "with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days." TEX. CODE CRIM. PROC. Art. 62.051. A "reportable conviction or adjudication" is defined as a conviction or adjudication for or based on one of several enumerated offenses under the Texas Penal Code, or for or based on

> a violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the violation of an offense containing elements that are substantially similar to the elements of [one of the enumerated offenses], but not if the violation results in a deferred adjudication.

TEX. CODE CRIM. PROC. Art. 62.001(5). The Texas Department of Public Safety (DPS) is responsible for determining whether the elements of an offense under the laws of another jurisdiction are "substantially similar" to those of one of the enumerated Texas offenses. TEX. CODE CRIM. PROC. Art. 62.003(a).

If a person is required to register under Chapter 62, one of the requirements with which the person must comply is to provide the local law enforcement authority with the person's anticipated move date and new address at least seven days prior to any change of address. TEX. CODE CRIM. PROC. Art. 62.055(a). This is the provision that Mr. Scott was convicted of violating. (CR:5, 23-24; II:75-76, 90)

The sex offender registration requirement lasts until the person dies, if his conviction is for one of the Texas offenses listed in Article 62.101(a)(2) through (5), or for a "sexually violent offense." [2] TEX. CODE CRIM. PROC. Art. 62.101(a). Otherwise, the requirement lasts for ten years, unless the person requests and is granted an "early termination" of his duty to register. TEX. CODE CRIM. PROC. Arts. 62.101(b) and (c), 62.401 *et. seq*. In a case involving a ten-year registration requirement, the duty to register ends "on the 10th anniversary of the date on which . . . the person is released from a

---

[2] A "sexually violent offense" is defined as one of several enumerated offenses under the Texas Penal Code, or as "an offense under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice if the offense contains elements that are substantially similar to the elements of " one of the enumerated Texas offenses. TEX. CODE CRIM. PROC. Art. 62.001(6).

penal institution, or the person discharges community supervision, whichever date is later." TEX. CODE CRIM. PROC. Art. 62.101(c)(2).

**B.    The Supreme Court's decision in *Burks* precludes retrial of Mr. Scott, and thus it also bars the State's petition for discretionary review.**

The Supreme Court has held that the Double Jeopardy Clause of the U.S. Constitution bars retrial of an accused after a Court of Appeals has found the evidence to be legally insufficient and reversed his conviction. *Burks v. United States*, 437 U.S. 1, 16-18, 98 S.Ct. 2141, 2149-2151, 57 L.Ed.2d 1 (1978). [3] The prohibition against double jeopardy is applicable to the states. *Bender v. State*, 758 S.W.2d 278, 280 (Tex.Crim.App. 1988), citing *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Since a second prosecution is barred, the State's attempt to appeal the decision of the Court of Appeals is

---

[3] The Texas Court of Criminal Appeals has reversed a  reviewing court's legal sufficiency determination when the court of appeals used the wrong legal standard in determining that the evidence was legally insufficient. See, for example, *Hooper v. State*, 214 S.W.3d 9 (Tex.Crim.App. 2007). Appellant does not concede that such cases were correctly decided, however, since they appear to be contrary to the holding in *Burks*.

similarly barred. See *Evans v. Michigan,* --- U.S. ---, 133 S.Ct. 1069, 1078, 185 L.Ed.2d 124, 137 (2012).

## C.   This is not an appropriate case for review because its statewide impact would be minimal.

Mr. Scott was tried in September, 2012, shortly before this Court issued its decision in *Crabtree v. State,* 389 S.W.3d 820, 824 (Tex.Crim.App. 2012) , in October, 2012. Thus, the prosecution in Mr. Scott's case did not have the benefit of the *Crabtree* decision. As such, the unique facts of this case are unlikely to be repeated, and the precedential value of this case is minimal or nonexistent.

## D.   The Court of Appeals correctly concluded that the evidence was legally insufficient.

The standard of review for legal sufficiency of the evidence is as follows:

> In addressing a challenge to the sufficiency of the evidence, a court must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The essential elements of the crime are determined by state law. "Under Texas state law, we measure the sufficiency of the evidence 'by the elements

> of the offense as defined by the hypothetically correct jury charge for the case.' " The hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."

*Crabtree v. State, supra,* 389 S.W.3d at 824, *quoting Byrd v. State*, 336 S.W.3d 242, 246 (Tex.Crim.App. 2011).

In *Crabtree*, this Court ruled that "a DPS substantial-similarity determination is an essential element of the offense of failure to comply with [sex offender] registration requirements." *Id.,* 389 S.W.3d at 832. Since the record in *Crabtree* failed to indicate whether or not DPS had made a substantial-similarity determination, the Court held that the evidence was legally insufficient to sustain the conviction. *Id.*, at 833.

The record is similarly silent in Mr. Scott's case. There is simply no evidence that DPS made a determination that his Illinois offense was "substantially similar" to a Texas offense which requires lifetime sex offender registration. [4] Nowhere in Detective Lovelace's testimony

---

[4] The State was required to prove a DPS substantial-similarity determination requiring lifetime registration because a ten-year registration requirement under

does he state that DPS attorneys made such a determination, or what that determination was.

The State argues that Detective Lovelace's testimony was legally sufficient to satisfy this elemental requirement because the context of the question and answer demonstrates that the detective "was referring specifically to a finding by DPS that a substantial-similarity determination had been made in this case – rather than, devoid of context, a mere general statement about what DPS does." (State's PDR, p. 7) However, a review of the actual wording of the question undercuts this argument. The question by the prosecutor *began* as "how do you know," but changed mid-sentence to "would you say . . . it's substantially similar to sexual assault of a child?" (II:35) The question, as finally asked, requested the detective's personal opinion, not his knowledge of a DPS determination.

A fact finder's conclusions may not be based upon mere speculation or factually unsupported inferences or presumptions.

_____

Article 62.101(b) would have expired on November 18, 2009, almost two years *before* the date of offense in this case.

*Hooper v. State*, 214 S.W.3d 9, 15 (Tex.Crim.App. 2007). To accept the State's argument that Detective Lovelace's testimony is sufficient, this Court would have to rely upon mere speculation, rather than evidence or reasonable inferences from the evidence. [5] Specifically, the Court would have to speculate about how the detective interpreted a potentially ambiguous question (as discussed above), whether the detective actually knew whether or not DPS had made such a determination, [6] whether or not he correctly understood that determination, and whether or not he accurately conveyed the substance of that determination in his testimony.

For these reasons, the decision of the Court of Appeals was correct and there is no need for this Court to intervene.

---

[5] In *Hooper*, supra, this Court noted that "an inference is a conclusion reached by considering other facts and deducing a logical consequence from them. Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. A conclusion reached by speculation may not be completely unreasonable, but it is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt." *Hooper v. State, supra*, 214 S.W.3d at 16.

[6] As noted in the Statement of Facts, Mr. Scott objected to Detective Lovelace's testimony in this regard as hearsay, and the trial court overruled his objection. This was Mr. Scott's fourth issue in the Court of Appeals, which the Court did not reach.

**E.    This is not an appropriate case to provide clarification of**
**_Crabtree_ as requested by the State's P.D.R.**

Finally, the State asserts that _Crabtree_ leaves questions unanswered which this Honorable Court should clarify, such as what evidence would suffice to prove the DPS determination, and whether or not an accused can attack the DPS determination at a subsequent trial for violating sex offender registration requirements. (State's P.D.R., pp. 9-11)  However, under the facts of this case, such clarification would amount to an advisory opinion rather than determination of an issue in the case. See _Texas Association of Business v. Texas Air Control Board_, 852 S.W.2d 440, 444 (Tex. 1993) (issuance of advisory opinions is not a proper judicial function).

## CONCLUSION

For the reasons set out herein, this Honorable Court should deny the State's petition for discretionary review.

Respectfully submitted,


/s/ Don Davidson
DON DAVIDSON
Attorney-at-Law
Forest Ridge Business Park, Suite 203
803 Forest Ridge Drive
Bedford, Texas  76022-7258
(817) 571-4940
Cell: (817) 343-8042
FAX:  (817) 571-4940
Email: donatty@flash.net
Texas Bar No. 05430840

Attorney for Appellant
ROGER ALAN SCOTT

## CERTIFICATE OF SERVICE FOR RESPONSE

As Attorney for the Appellant, ROGER ALAN SCOTT, I certify that a true and correct copy of the foregoing response was mailed via first-class U.S. mail to the counsel listed below, at the address indicated, on December 29, 2014.

<u>Counsel for the State of Texas</u>
Mr. James Gibson
Assistant Criminal District Attorney
Tarrant County District Attorney's Office
Tarrant County Justice Center
401 West Belknap
Fort Worth, TX  76196-0201

Hon. Lisa McMinn
State's Attorney
P.O. Box 13046
Capitol Station
Austin, TX 78711


/s/ Don Davidson
DON DAVIDSON
Attorney for Appellant,
ROGER ALAN SCOTT

# CERTIFICATE OF COMPLIANCE

Per Rule 9.4 of the Texas Rules of Appellate Procedure, I certify that the foregoing response contains 2,201 words (exclusive of those portions which are excludable, per Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure), based on the word count of Microsoft Word word-processing software, which was used to prepare this document. I further certify that the document uses the Century Schoolbook 14-point font, except for footnotes which use the Century Schoolbook 12-point font.

/s/ Don Davidson
DON DAVIDSON
Attorney for Appellant,
ROGER ALAN SCOTT