Pamela Dawn BAGGETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–10–00193–CR.

Court of Appeals of Texas, Texarkana.

Submitted April 14, 2011.

Decided April 28, 2011.

Ebb B. Mobley, Longview, for appellant.

Michael Jimerson, Dist. Atty., Richard Kennedy, Asst. Dist. Atty., Henderson, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Pamela Dawn Baggett appeals her conviction upon an open plea of guilty for DWI, and enhanced sentence of twenty-five years' imprisonment. On appeal, Baggett challenges the sufficiency of the evidence to "substantiate [her] guilty plea as required by Article 1.15 of the Texas Code of Criminal Procedure." We reverse the trial court's judgment and remand for a new trial.

Under Article 1.15, the State is required to introduce evidence demonstrating the defendant's guilt. TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). A judicial confession alone is usually sufficient to satisfy the requirements of Article 1.15 "so long as it embraces every constituent element of the charged offense." *Menefee v. State*, 287 S.W.3d 9, 14 (Tex.Crim. App.2009). A judicial confession that omits an element of the offense is insufficient to support a guilty plea. *Id.* A guilty plea, even if the defendant states that he or she is pleading guilty to the charges in the indictment under oath, does not constitute a judicial confession because the defendant is merely entering a plea, "not confessing to the truth and correctness of the indictment or otherwise providing substance to the plea." *Id.* at 13, 15. "No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty 'without sufficient evidence to support the same.'" *Id.* at 13 (quoting TEX.CODE CRIM. PROC. ANN. art. 1.15).

In this case, "the State concedes that it did not offer a written stipulation of evidence," and there are no written plea papers in the record. Our review of the record reveals only the following exchange with respect to the charged offense:

THE COURT: It's charged or alleged that you did on or about the 1st day of August 2009, [in] Rusk County, Texas, did then and there operate a motor vehicle without the normal use of your mental or physical faculties due to

the introduction of alcohol or drugs or a combination thereof into your body. How do you plead to that, guilty or not guilty?

THE DEFENDANT: I plead guilty.

After this exchange, Baggett pled true to two prior instances of DWI. After the trial court admonished her on the range of punishment, the court accepted Baggett's plea and found her guilty of third degree felony DWI. Although the State's brief states "[t]he law required more than an answer to the question what is your plea 'Guilty' or 'Not Guilty,'" there is no allegation that the State offered any evidence of the crime or that Baggett pled guilty because she had, in fact, committed the offense. Instead, the State appears to argue that Baggett's plea was knowing and voluntary. This is not the inquiry.

■ Article 1.15 "[b]y its plain terms ... requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt." *Id.* at 14. "[P]leading guilty to the charges in the indictment does not constitute a judicial confession and does not otherwise supply evidence, in whole or in part, sufficient to support the plea under Article 1.15." *Id.* at 17–18. The failure to comply with the "rather unique" Texas statute does not constitute a federal constitutional violation. *Bender v. State,* 758 S.W.2d 278, 280–81 (Tex.Crim.App.1988). Evidentiary insufficiency to support a guilty plea is trial error that does not result in acquittal. *Id.*

■ Since the failure to present "sufficient evidence to support" the finding of guilt was not raised at trial, we must decide whether the failure to object to the trial court's finding of guilt is properly presented for review. The Texas Court of Criminal Appeals has delineated three distinct rules for preservation of error: absolute or systemic requirements and prohibitions, the violations of which can never be waived or forfeited; rights that are waivable; and rights which are implemented only upon request. *Marin v. State,* 851 S.W.2d 275, 280 (Tex.Crim.App.1993). By statute, our law requires that upon the entry of a plea of guilty, it "shall be necessary to introduce evidence into the record showing the guilt of the defendant...." TEX.CODE CRIM. PROC. ANN. art. 1.15. Further, in "no event shall a person be convicted upon his plea without sufficient evidence to support the same." *Id.* Several cases have discussed the history of this provision recounting that before 1931, a conviction for a felony offense could not be obtained without a jury verdict. *Ex parte Williams,* 703 S.W.2d 674, 678 (Tex.Crim.App.1986). In 1931, the statute was amended to allow a plea of guilty and waiver of jury trial and, since no jury would pass on the defendant's guilt, the statute required the State to produce sufficient evidence to support a finding of guilt. *Id.* (citing *Franklin v. State,* 140 Tex.Crim. 251, 144 S.W.2d 581 (1940)). We find this statutory directive falls within the absolute or systemic requirement category by its requirement that "in no event" shall a person be convicted on his or her plea without sufficient evidence to support it. A claim of error for noncompliance with it is not forfeited or waived by the failure to object.[1] No other evidence supports the plea and finding of guilt; we conclude error is shown.

1. After remand from the Texas Court of Criminal Appeals, the Tyler Court of Appeals held that the Article 1.15 requirements are absolute and a sufficiency challenge based on that statute was not forfeited by failure to raise the issue at the trial court. *Menefee v. State,* No. 12–07–00001–CR, 2010 WL 3247816, at *4–5, 2010 Tex.App. LEXIS 6665, at *14 (Tex.Crim. App. Aug. 18, 2010) (mem. op., not designated for publication). The opinion is unpublished and not binding, but we agree with the reasoning employed by the Tyler court.

The final issue is whether this error should be evaluated for harm. Unless the error is a structural error, "it is the responsibility of the reviewing court, once it concludes there was error, to determine whether the error affected the judgment." *Ford v. State*, 73 S.W.3d 923, 925 (Tex.Crim.App.2002) (plurality opinion) (citing *Johnson v. State*, 43 S.W.3d 1, 5 (Tex.Crim.App.2001)). In rare instances, an error is of such magnitude that it cannot be evaluated for harm; these errors are structural ones which affect the framework within which the trial proceeds, rather than simply an error in the trial process. *Mendez v. State*, 138 S.W.3d 334, 340 (Tex.Crim.App.2004) (citing *Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). A structural error defies a harm analysis and requires reversal without a harm analysis. Very few errors are classified as structural errors (e.g., total deprivation of counsel, lack of impartial judge, unlawful exclusion of grand jurors of defendant's race, right of self-representation at trial, right to public trial, and erroneous reasonable doubt instruction to jury). *Id.*

By directing the Tyler court to conduct a harm analysis in a similar instance, the Texas Court of Criminal Appeals found that an error due to insufficiency of evidence to substantiate a guilty plea under Article 1.15 was not a structural error and was subject to a harmless error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Menefee*, 287 S.W.3d at 18 n. 48. "Pursuant to Texas Rule of Appellate Procedure 44.2(b), any non-constitutional error that does not affect appellant's substantial rights must be disregarded." *Haley v. State*, 173 S.W.3d 510, 518 (Tex.Crim.App. 2005) (citing Tex.R.App. P. 44.2(b)). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the [fact-finder's] verdict." *Id.; Morales v. State*, 32 S.W.3d 862, 867 (Tex.Crim.App.2000). "A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as [a] whole, has fair assurance that the error did not influence the [fact-finder], or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998). Here, we examine the entire record for evidence of Baggett's guilt.

The record before us is devoid of any independent evidence to substantiate Baggett's guilt. At the sentencing hearing, Baggett testified that she "was not intoxicated," and argued the State did not have any evidence on me." "[W]here the defendant enters a plea of guilty to the court ... the state is required to introduce evidence showing the guilt of the defendant, and if the state fails in this respect the defendant is entitled to a new trial." *Spivey v. State*, 140 Tex.Crim. 107, 143 S.W.2d 386, 387 (1940); *Moon v. State*, 572 S.W.2d 681, 692 (Tex.Crim.App.1978).

We reverse the judgment of the trial court and remand for a new trial.