

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00153-CR

_____

FRED WRIGHT, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 43,014-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Fred Wright, Jr., entered an open plea of guilty and was convicted of two counts of sexual assault. After a bench trial on punishment, Wright was sentenced to twelve years' imprisonment. On appeal, Wright argues that the evidence is insufficient to support his plea of guilt. Because we find that Wright's judicial confession and written stipulation of evidence constituted sufficient evidence of his guilt, we overrule Wright's point of error and affirm the trial court's judgment.[1]

The State is required to introduce evidence demonstrating the defendant's guilt, and no trial court is authorized to render a conviction in a felony case based on a plea of guilty without sufficient evidence to support the same. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). "Article 1.15 '[b]y its plain terms . . . requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt.'" *Baggett v. State*, 342 S.W.3d 172, 174 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009)). A judicial confession alone is usually sufficient to satisfy the requirements of Article 1.15 "so long as it embraces every constituent element of the charged offense." *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009).

Wright argues that his judicial confession and pleas in open court were insufficient to meet Article 1.15 requirements.

> A guilty plea, even if the defendant states that he or she is pleading guilty to the charges in the indictment under oath, does not constitute a judicial confession because the defendant is merely entering a plea, "not confessing to the truth and correctness of the indictment or otherwise providing substance to the plea."

---

[1]In a second point of error, Wright also argues that the DNA evidence introduced by the State in support of his plea was insufficient because it was not supported by the required certification. We need not address this point since our ruling on Wright's first point of error is dispositive of this appeal.

2

*Baggett*, 342 S.W.3d at 174 (quoting *Menefee*, 287 S.W.3d at 13, 15). However, a judicial confession acknowledging guilt of the indictment's allegations is sufficient to meet the requirements of Article 1.15 of the Texas Code of Criminal Procedure and to sustain a conviction because it confesses to the truth and correctness of the allegations. *See Dinnery v. State*, 592 S.W.2d 343, 352–53 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g); *Potts v. State*, 571 S.W.2d 180, 182 (Tex. Crim. App. [Panel Op.] 1978); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.15; *Woods v. State*, 398 S.W.3d 396, 401 (Tex. App.—Texarkana 2013, pet. ref'd).

In his written plea papers, Wright entered the following judicial confession: "I further state that I have read the indictment or information filed in this case and that I committed each and every allegation it contains. I am guilty of the offense alleged as well as all lesser offenses. I swear to all of the foregoing . . . ." Wright also signed a stipulation of evidence in which he, again, judicially confessed and stipulated that he (1) intentionally and knowingly caused the penetration of the sexual organ of the victim without her consent and (2) intentionally and knowingly caused the penetration of the victim's anus without her consent. Wright also pled guilty to two counts of sexual assault as alleged in the indictment in open court, stating that he was pleading guilty because he was, in fact, guilty of sexual assault.[2]

Because Wright's judicial confession and stipulation of evidence met the requirements of Article 1.15, the evidence was legally sufficient to sustain Wright's conviction.

---

[2]After the trial court heard Wright's pleas, the State introduced, and the trial court admitted into evidence, Wright's stipulation of evidence, along with the offense report, Texas Department of Public Safety Laboratory reports, a report from the examination of the victim, the victim's counseling notes, and a video recording of Wright's interrogation.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 3, 2016
Date Decided:      June 6, 2016

Do Not Publish