ACCEPTED
02-17-00225-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/20/2017 2:07 PM
DEBRA SPISAK
CLERK

**No. 02-17-00225-CR**

_____

IN THE COURT OF APPEALS FOR THE
SECOND DISTRICT OF TEXAS

_____

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
12/20/2017 2:07:34 PM
DEBRA SPISAK
Clerk

**CHRISTOPHER GUTIERREZ,**
*APPELLANT*

**V.**

**THE STATE OF TEXAS,**
*APPELLEE*

_____

On Appeal from the Criminal District Court Number Three, Tarrant County, Texas
Trial Court No. 1473780D
Honorable Rob Catalano, Judge Presiding

---

**APPELLANT'S BRIEF**

---

COLIN T. MCLAUGHLIN
McLaughlin Law, PLLC
State Bar of Texas No. 24060892
2101 Moneda St.
Fort Worth, TX 76117
Tel: (817) 482-6263
Fax: (817) 877-5610
colintmclaughlin@gmail.com
Counsel for Christopher Gutierrez

# IDENTITY OF PARTIES AND COUNSEL

  The undersigned counsel of record certifies that the following listed persons and entities are the parties to the trial court's judgment and trial and appellate counsel as described in Texas Rule of Appellate Procedure 38.1(a).

| | |
|---|---|
| **District Judge:** | Hon. Robb Catalano |
| **Appellant / Defendant:** | Christopher Gutierrez |
| **Counsel for Appellant at Trial:** | Daniel Collins<br>State Bar No. 24071079<br>3663 Airport Freeway<br>Fort Worth, TX 76111 |
| **Counsel for Appellant on Appeal:** | Colin T. McLaughlin<br>State Bar No. 24060892<br>2101 Moneda St.<br>Fort Worth, TX 76117 |
| **Appellee:** | The State of Texas<br>Tarrant County Criminal<br>District Attorney's Office<br>401 W. Belknap<br>Fort Worth, TX 76196 |
| **Counsel for Appellee at Trial:** | Erin Cofer<br>State Bar No. 24066277<br>Tarrant County Criminal<br>District Attorney's Office<br>401 W. Belknap<br>Fort Worth, TX 76196 |
| **Counsel for Appellee on Appeal:** | Debra Windsor<br>State Bar No. 00788692 |

Tarrant County Criminal
District Attorney's Office
401 W. Belknap
Fort Worth, TX 76196


/s/ Colin T. McLaughlin
Colin T. McLaughlin

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL..............................................................ii

TABLE OF CONTENTS.........................................................................................iv

INDEX OF AUTHORITIES....................................................................................vi

STATEMENT OF THE CASE..................................................................................1

STATEMENT REGARDING ORAL ARGUMENT.................................................1

ISSUE PRESENTED................................................................................................2

STATEMENT OF FACTS.........................................................................................3

SUMMARY OF THE ARGUMENT.........................................................................5

POINT OF ERROR...................................................................................................6

The trial court erred by accepting Appellant's plea of guilty to the first count of the aggravated robbery indictment.............................................................................6

    I.    Argument and Authorities ...........................................................................6

    a.    Applicable Law ...........................................................................................6

    b.    Discussion....................................................................................................8

CERTIFICATE OF SERVICE ...............................................................................11

CERTIFICATE OF COMPLIANCE ...........................................................................12

# INDEX OF AUTHORITIES

**Cases**

*Aldrich v. State*, 104 S.W.3d 890, 893 (Tex. Crim. App. 2003) ..........................9, 11

*Baggett v. State*, 342 S.W.3d 172, 174 (Tex. App.—Texarkana 2011) ...........7, 8, 10

*Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)................................6

*Brown v. State,* 270 S.W.3d 564 (Tex. Crim. App. 2008) ........................................6

*Hooper v. State,* 214 S.W.3d 9 (Tex. Crim. App. 2007)............................................7

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ................................................6, 7, 10

*Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).........................8, 10, 11

*Moon v. State*, 572 S.W.2d 681 (Tex. Crim. App. 1978)...........................................8

*Sanchez v. State*, 543 S.W.2d 132 (Tex. Crim. App. 1976) .......................................8

*Williams vs. State*, 235 S.W.3d 642 (Tex. Crim. App. 2007) ...................................7

*Woodberry v. State*, 560 S.W.2d 629 (Tex. Crim. App. 1977) .................................8

**Statutes**

TEX. CODE CRIM. PROC. ANN. art. 38.04.....................................................................6

Tex. Code Crim. Proc. Art. 1.15 ..................................................................................7

Tex. Penal Code § 46.01(3)........................................................................................10

# RECORD ON APPEAL

The Clerk's Record on Appeal is cited as "CR at [page number]"

The Reporter's Record on Appeal is cited as "[volume number] RR at [page number]"

# STATEMENT OF THE CASE

This case involves a judgment of the felony-level offense of aggravated robbery in the Criminal District Court Number Three of Tarrant County, Texas. CR at 6, 96-97. Appellant plead guilty, without benefit of a plea bargain, to the charge of aggravated robbery on May 2, 2017. CR at 89, 96; 2 RR at 5. The trial court ordered that a pre-sentence investigation report be prepared. CR at 92; 2 RR at 5. The trial court then conducted a punishment hearing on June 23, 2017. 2 RR at 5. After hearing the evidence and the arguments of counsel, the trial court sentenced Appellant to fifteen years in the Institutional Division of the Texas Department of Criminal Justice. CR at 96; 2 RR at 61.

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

# ISSUE PRESENTED

The trial court erred in not complying with article 1.15 of the Texas Code of Criminal Procedure, as there was not sufficient evidence to accept Appellant's plea of guilty to "Count 1" of the indictment of Aggravated Robbery because the elements of that offense were not met. The evidence produced at Appellant's sentencing hearing showed that Appellant used a BB gun, not a firearm as charged in the indictment.

## STATEMENT OF FACTS

Appellant was indicted on February 10, 2016 for the offense of aggravated robbery with a firearm. CR at 6. Appellant plead guilty, without benefit of a plea bargain, to the charge of "Count 1" of an aggravated robbery indictment on May 2, 2017. CR at 89, 96; 2 RR at 5. The trial court ordered that a pre-sentence investigation report be prepared. CR at 92; 2 RR at 5. The trial court then conducted a punishment hearing on June 23, 2017. 2 RR at 5.

The State asked the trial court to take judicial notice of the pre-sentence investigation report, which was granted without objection. 2 RR at 5. The State did not ask the trial court to take judicial notice of the Clerk's file, which contained Appellant's previous plea papers.

A. Z. testified for the State. 2 RR at 6. A. Z. is the listed complainant in the indictment. CR at 6; 2 RR at 6. A. Z. testified that she was seventeen at the time of the offense. 2 RR at 7. A. Z. testified that a person robbed the Subway at which she worked. 2 RR at 9-10. A. Z. stated that the person struck A. Z. with a handgun a couple of times. 2 RR at 9. A. Z. stated that she was scared that she was going to get shot. 2 RR at 10. The State introduced surveillance video of the offense, without objection, through A. Z. 2 RR at 8-9. The State then rested. 2 RR at 11.

Appellant called Maria Bonitez, Appellant's girlfriend's mother. 2 RR at 12.

3

Ms. Bonitez testified that Appellant would be welcomed into her home if Appellant was given probation. 2 RR at 14.

Next, Appellant's girlfriend, Michelle Acosta, testified. 2 RR at 15. Ms. Acosta stated that Appellant's actions on the video were out of character for the Appellant. 2 RR at 15-16. Ms. Acosta explained that she and Appellant were homeless at the time of the robbery. 2 RR at 17, 20-21, 24. Ms. Acosta also stated that the gun used in the robbery was a $25 BB gun that was kept in Appellant's twelve-year-old brother's toy box. 2 RR at 28, 29.

Finally, Appellant testified on his own behalf. 2 RR at 33. Appellant stated that he was eighteen years old, and he was filled with remorse for his actions. 2 RR at 33-34. Appellant described his upbringing, stating he did not know his father and was placed in foster care. 2 RR at 34. His mother was the victim of abuse, and Appellant had to survive on the streets since he was approximately twelve years old. 2 RR at 36-37. Appellant also maintained that he used a BB gun in the robbery. 2 RR at 43-44. Later, Appellant clarified that the BB gun was really a pellet gun that shoots metal BBs. 2 RR at 50. Appellant asserted that the BB gun was unloaded at the time of the robbery. 2 RR at 50.

## SUMMARY OF THE ARGUMENT

The trial court erred in accepting Appellant's plea of guilty to "Count 1" of the Aggravated Robbery indictment. The evidence produced at Appellant's sentencing hearing indicated that Appellant used a BB gun, not a firearm as charged in the indictment. Appellant's refusal to admit that he used a firearm should have caused the trial court to either allow Appellant to rescind his plea of guilty or find Appellant guilty of the lesser offense of robbery.

**POINT OF ERROR**

The trial court erred by accepting Appellant's plea of guilty to the first count of the aggravated robbery indictment.

**I. Argument and Authorities**

    **a. Applicable Law**

The United States Constitution requires that a criminal conviction be supported by evidence "necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); see also *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The trier of fact must be the judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Brown v. State,* 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). The reviewing court must "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State,* 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007); *see also Williams vs. State*, 235 S.W.3d 642, 750 (Tex. Crim. App. 2007). In other words, the trier of fact cannot, and must not, draw conclusions based on guesswork. *Hooper v. State*, 214 S.W.3d at 15. A reviewing court may consider all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have

6

found all of the elements beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. at 319.

Under article 1.15, the State is required to introduce evidence demonstrating the defendant's guilt. Tex. Code Crim. Proc. Art. 1.15. A guilty plea, even if the defendant states that he or she is pleading guilty to the charges in the indictment under oath, does not constitute a judicial confession because the defendant is merely entering a plea, "not confessing to the truth and correctness of the indictment or otherwise providing substance to the plea." *Baggett v. State*, 342 S.W.3d 172, 174 (Tex. App.—Texarkana 2011), quoting *Menefee v. State*, 287 S.W.3d 9, 13, 15 (Tex. Crim. App. 2009). Moreover, a judicial confession that omits an element of the offense is insufficient to support a guilty plea. *Menefee v. State*, 287 S.W.3d at 14. Importantly, a claim of error for noncompliance with article 1.15 is not forfeited or waived by the failure to object to the trial court. *Baggett v. State*, 342 S.W.3d at 175.

Historically, when evidence introduced reasonably raises an issue of fact, a trial court is required to, *sua sponte*, withdraw a defendant's guilty plea and enter a not guilty plea for the defendant. *Moon v. State*, 572 S.W.2d 681 (Tex. Crim. App. 1978); *Sanchez v. State*, 543 S.W.2d 132 (Tex. Crim. App. 1976). The rule's purpose is to prevent an involuntary plea, and the totality of each case is assessed to assure the voluntary nature of the plea. *Woodberry v. State*, 560 S.W.2d 629 (Tex. Crim. App.

7

1977).  This rule has been applied even when a plea of guilty is before the court without a jury.  *Aldrich v. State*, 104 S.W.3d 890, 893 (Tex. Crim. App. 2003).  However, the trial court may find a defendant guilty of a lesser offense or even find the defendant not guilty.  *Id*.  Since the trial court takes on the role of fact-finder when a jury is waived, it is not necessary to *enter a plea* of not guilty for a defendant.  *Id*.

### b. Discussion

Appellant plead guilty, without benefit of a plea bargain, to the charge of "Count 1" of an aggravated robbery indictment.  CR at 89, 96; 2 RR at 5.  "Count 1" of the indictment charged Appellant with committing the offense with a "firearm."  CR at 6.  Appellant's plea paperwork did not guarantee that the trial court was going to find Appellant guilty.  CR at 90.

At Appellant's sentencing hearing, the State did not offer Appellant's plea paperwork into evidence, nor did it request the trial court take judicial notice of the plea paperwork.  During the hearing, Appellant maintained that he used an unloaded BB gun in the robbery.  2 RR at 43-44, 50.  Ms. Acosta also stated that Appellant used a BB gun.  2 RR at 28-29.  Nowhere in the sentencing hearing is there any mention of a firearm being used, and Appellant never admitted guilt to each of the elements contained in "Count 1."  See *Baggett v. State*, 342 S.W.3d at 174.

8

When A. Z. testified, she answered the State's questions in reference to a handgun. 2 RR 9. However, she never stated that Appellant used a firearm. This is important because the word "firearm" is defined by statute. A firearm is defined in Section 46.01 of the Texas Penal Code as:

> Any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. Tex. Penal Code § 46.01(3).

There was no testimony that the weapon used was a firearm. Instead, the only testimony as to the item used in the robbery indicated that the item was a BB gun. Appellant certainly never admitted to using a firearm during the robbery. See *Menefee v. State*, 287 S.W.3d at 14. Thus, article 1.15, requiring the State to introduce evidence demonstrating the defendant's guilt, was not complied with.

Because article 1.15 was not satisfied in Appellant's sentencing hearing, Appellant's rights were violated. See *Jackson v. Virginia*, 443 U.S. at 319; see also *Menefee v. State*, 287 S.W.3d at 14. Accordingly, the trial court should have not found Appellant guilty of "Count 1" of the State's aggravated robbery charge. See *Aldrich v. State*, 104 S.W.3d at 893. At most, the trial court had enough information to find Appellant guilty of the lesser-included offense of robbery. See *Id.*

9

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that his issue on appeal be sustained, his sentence vacated, and he be acquitted of this offense. Appellant additionally prays for such other and further relief to which he may be entitled.

Respectfully submitted,

/s/ Colin T. McLaughlin
COLIN T. MCLAUGHLIN
State Bar of Texas No. 24060892
2101 Moneda St.
Fort Worth, TX 76117
Tel: (817) 482-6263
Fax: (817)
colintmclaughlin@gmail.com
Counsel for Christopher Gutierrez

## CERTIFICATE OF SERVICE

I, Colin T. McLaughlin, certify that on December 20, 2017, a true copy of this

brief has been served upon the following persons in the following manners:


Via e-mail
Debra Windsor
Assistant Criminal District Attorney
401 W. Belknap
Fort Worth, TX 76196


/s/ Colin T. McLaughlin
COLIN T. MCLAUGHLIN

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Tex. R. App. 9.4 (i)(2) because it contains approximately 1544 words, excluding the parts of the brief exempted by Tex. R. App. 9.4 (i)(l).

2. The electronic copy of this brief complies with Tex. R. App. 9.4 (i)(l) because it has been directly converted from Microsoft Word into a searchable document in Portable Document File (PDF) format.


/s/ Colin T. McLaughlin
COLIN T. MCLAUGHLIN