

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00111-CR

JESUS DE LA CRUZ HERRERA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27278

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Jesus De La Cruz Herrera entered an open plea of guilty to possession with intent to deliver "Fluoro-ADB" in an amount of more than four, but less than 400, grams, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.1031, 481.113(d) (West 2017). The trial court sentenced Herrera to fifteen years' imprisonment and assessed $379.00 in court costs. On appeal, Herrera questions whether the evidence is legally sufficient to support the plea of guilty "when the substance alleged in the indictment is not a controlled substance that is named in Chapter 481 of the Texas Health and Safety Code."

We find that Herrera waived any error he now attempts to raise with respect to the State's indictment under the guise of a complaint related to the sufficiency of the evidence. We further find that Herrera's judicial confession was sufficient to support his plea of guilt. Accordingly, we affirm the trial court's judgment.[1]

## I.  Herrera Waived Any Error with Respect to the Indictment

The State's indictment alleged that Herrera "knowingly possess[ed], with intent to deliver, a controlled substance, namely Fluoro-ABD," in an amount of more than four, but less than 400, grams. The indictment specified that the degree of offense was a first-degree felony and listed the statute of offense as Section 481.113 of the Texas Health and Safety Code, which states, "[A] person commits an offense if the person knowingly . . . possesses with intent to deliver a controlled

---

[1]In our companion cause number 06-18-00112-CR, Herrera also appeals a conviction for possession of a Penalty Group 2 or 2A controlled substance in a drug-free zone in an amount of more than one, but less than four, grams.

substance listed in Penalty Group 2 or 2-A." TEX. HEALTH & SAFETY CODE ANN. § 481.113(a) (West 2017).

The Texas Health and Safety Code defines Penalty Group 2 and 2-A substances by listing a host of chemical compounds that can be combined in a variety of ways to create controlled substances, such as those commonly referred to as synthetic marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.1031; *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.103 (West Supp. 2018). Herrera complains that the substance alleged in the indictment is not a controlled substance specifically named in the Texas Health and Safety Code because the indictment did not list the particular chemical compounds or explain how they were combined. Essentially, though the indictment alleged possession of a Penalty Group 2 or 2A controlled substance, Herrera complains that it lacked the specificity required to establish that Fluoro-ABD met the definition of a Penalty Group 2 or 2-A substance.[2] We find this complaint waived.

"[D]efects in indictments are subject to waiver." *Smith v. State*, 494 S.W.3d 243, 247 (Tex. App.—Texarkana 2015, no pet.). Article 1.14(b) of the Texas Code of Criminal Procedure reads:

> If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

---

[2]Although Hererra couches his argument as a legal sufficiency challenge, and although he specifically denies challenging the indictment, he essentially complains that the indictment was deficient for failing to specify the chemical compounds contained within Flouro-ADB which make it an illegal substance in this case.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005).  Because (1) Herrera does not argue that the indictment failed to allege a crime[3] and (2) complains of the specificity of the naming of the controlled substance, we find that he was required to preserve his complaint by raising the issue with the trial court.  *See Nguyen v. State*, 506 S.W.3d 69, 78 (Tex. App.—Texarkana 2016, pet. ref'd); *Piland v. State*, 453 S.W.3d 473, 479–80 (Tex. App.—Texarkana 2014, pet. ref'd); *see also* TEX. R. APP. P. 33.1.  Accordingly, he may not now complain that Fluoro-ABD is not a controlled substance specifically named in the Texas Health and Safety Code.

## II.     Herrera's Judicial Confession Was Sufficient to Support His Plea of Guilt

We next address Herrera's argument that the evidence was insufficient to support his plea of guilty to the possession with intent to deliver a Penalty Group 2 or 2-A substance in an amount of more than four, but less than 400, grams.

The State is required to introduce evidence demonstrating the defendant's guilt, and no trial court is authorized to render a conviction in a felony case based on a plea of guilty without sufficient evidence to support the same.  TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).  "Article 1.15 '[b]y its plain terms . . . requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt.'"  *Baggett v. State*, 342 S.W.3d 172, 175 (Tex. App.— Texarkana 2011, pet. ref'd) (quoting *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009)).  This is because, even if the defendant states that he or she is pleading guilty to the charges in the indictment under oath, a guilty plea "does not constitute a judicial confession [since] the defendant

---

[3]To be clear, Herrera does not argue that Fluoro-ADB is never a Penalty Group 2 or 2A controlled substance, only that the State failed to allege the chemical compounds contained within Fluoro-ADB which make it a controlled substance in this case.

is merely entering a plea, 'not confessing to the truth and correctness of the indictment or otherwise providing substance to the plea.'" *Id*. at 174 (quoting *Menefee*, 287 S.W.3d at 13, 15).

"Evidence offered in support of a guilty plea may take many forms." *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). This evidence may include a judicial confession, which will be sufficient to support a guilty plea as long as it "covers all of the elements of the charged offense." *Id*. Here, we find that the judicial confession did cover all the elements required by Section 481.113.

As set forth above, the indictment alleged each element of the offense. Herrera's plea paperwork further defined the offense as "PID CS PG 2 OR 2-A >=4G < 400G." After receiving the proper written admonishments, Herrera signed a judicial confession admitting that the allegations in the indictment were true and correct and that he had committed each and every act alleged in the State's indictment. The State introduced the plea papers into evidence at the plea hearing. Prior to his plea, Herrera testified he understood that the controlled substance contained in the State's indictment was a Penalty Group 2 or 2A controlled substance. He further affirmed that he was pleading guilty because the allegations in the indictment were true.

In *Dinnery v. State*, the Texas Court of Criminal Appeals held that, when a defendant testifies that he has read the indictment and that it is true and correct, it is "tantamount to a statement that all the allegations of the indictment [are] true and correct and [is] a judicial confession that he [is] a guilty participant in the offense charged," and it is sufficient to support a guilty plea. *Dinnery v. State*, 592 S.W.2d 343, 352, 354 (Tex. Crim. App. [Panel Op.] 1979) (op.

5

on reh'g).  Likewise, we find Herrera's judicial confession in this case sufficient to support his guilty plea.  *See id.*; *see Menefee*, 287 S.W.3d at 14.  We overrule Herrera's point of error.

## III.    Conclusion

We affirm the trial court's judgment.


Ralph K. Burgess
Justice


Date Submitted:      March 18, 2019
Date Decided:       April 15, 2019

Do Not Publish