

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00031-CR

MISTI EVE WOOTEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 18032

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Misti Eve Wooten pled guilty to possession of, with intent to deliver, methamphetamine, a Penalty Group One controlled substance, in an amount of four or more grams, but less than 200 grams.[1]  She was subsequently sentenced by the trial court to fifty years' imprisonment and assessed a $2,000.00 fine.  On appeal, Wooten challenges the sufficiency of the evidence supporting her guilty plea and asserts that her sentence was grossly disproportionate to the crime for which she was convicted in violation of the Eighth Amendment to the United States Constitution and Article I, Section 13, of the Texas Constitution.  Because we find that (1) sufficient evidence supports Wooten's guilty plea, and (2) Wooten has not preserved her grossly-disproportionate-sentence complaint, we will affirm the trial court's judgment.

*(1)        Sufficient Evidence Supports Wooten's Guilty Plea*

Before taking Wooten's plea, the trial court confirmed that she understood that she had been indicted for intentionally and knowingly possessing, with intent to deliver, methamphetamine in an amount of four grams or more but less than 200 grams, that it was a first-degree felony, and that her punishment ranged from five to ninety-nine years and a fine of up to $10,000.00.  The trial court also confirmed that Wooten understood the stipulation of evidence that had been filed with the trial court.  In the signed and sworn stipulation of evidence, Wooten judicially confessed that

> [a]ll of [the] matters and things set forth and alleged in the Indictment are true and correct in that on the **6th day of January, 2018**, in the Count of Upshur and State of Texas, I, **MISTI EVE WOOTEN,**
>
> **did then and there intentionally and knowingly possess, with intent to deliver, a controlled substance listed in Penalty Group One of the Texas**

[1]Tex. Health & Safety Code Ann. § 481.112(a), (d).

2

> **Controlled Substances Act, namely, methamphetamine, in an amount of four grams or more but less than 200 grams, including any adulterants and dilutants;**

as charged in the Indictment.

The stipulation of evidence was approved by the trial court and filed with the papers in this cause on the same day as the hearing. No other evidence of Wooten's guilt was introduced at the hearing. The trial court accepted Wooten's plea and found her guilty of the charged offense.

A judgment of conviction may not be rendered in a felony case based on a plea of guilty "without sufficient evidence to support the same." *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (quoting TEX. CODE CRIM. PROC. ANN. art. 1.15). Article 1.15 requires that the defendant's guilt be established by "evidence in addition to, and independent of, the plea itself." *Baggett v. State*, 342 S.W.3d 172, 175 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Menefee*, 287 S.W.3d at 14). A plea of guilty to the charges in the indictment is not equivalent to "confessing to the truth and correctness of the indictment." *Menefee*, 287 S.W.3d at 15. Nevertheless, the evidence that will support a guilty plea may take many forms. *Id.* at 13. A sworn statement by the defendant acknowledging that the allegations against her are true and correct will support a guilty plea, "so long as such a judicial confession covers all of the elements of the charged offense." *Id.*

The judicial confession in this case specifically covered all of the elements of the charged offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d). Since Wooten's sworn judicial confession was sufficient to support her guilty plea, we find that sufficient evidence supported Wooten's guilty plea. We overrule Wooten's first issue.

3

*(2)      Wooten Did Not Preserve Her Grossly-Disproportionate-Sentence Complaint*

In her second issue, Wooten complains that her fifty-year sentence was grossly disproportionate to the crime for which she was convicted. To preserve a complaint for our review, a party must first present the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Also, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

An appellant claiming a disproportionate sentence is not excused from the error preservation requirement. *See Stewart v. LaGrand*, 526 U.S. 115, 119, (1999) (appellant waived Eighth Amendment complaint); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Duren v. State*, 87 S.W.3d 719, 732 (Tex. App.—Texarkana 2002, pet. denied). Thus, "[a] constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal." *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.) (citing *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.)); *see Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994).

In this case, Wooten did not raise a disproportionate-punishment complaint when the trial court imposed her sentence, in a motion for new trial, or in any other type of post-verdict motion. Consequently, Wooten has forfeited her complaint that her sentence was grossly disproportionate. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet.

4

ref'd). As a reviewing court, we should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State,* 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g) (per curiam); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Since Wooten has not preserved this complaint for our review, we overrule her second issue.

We affirm the judgment of the trial court.

Josh R Morriss III
Chief Justice

Date Submitted:     August 1, 2019
Date Decided:       August 2, 2019

Do Not Publish