# NOS. 12-19-00400-CR
# 12-19-00401-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIE JAMES GREEN,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Willie James Green appeals his convictions for obstruction or retaliation and possession of a controlled substance. In the obstruction or retaliation case, Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). In the possession case, Appellant argues that the stipulation of evidence is insufficient to support his "guilty" plea. We affirm the obstruction or retaliation conviction and we reverse and remand the possession of a controlled substance case.

## BACKGROUND

Appellant was charged by indictment with the felony offenses of obstruction or retaliation and possession of a controlled substance listed in penalty group one, namely methamphetamine, in an amount of four grams or more but less than 200 grams.[1] In each case,

---

[1] As alleged in the indictment against Appellant, obstruction or retaliation is a third-degree felony. *See* TEX. PENAL CODE ANN. § 36.06 (a)(1)(A), (c) (West 2016). Possession of more than four but less than two hundred grams of a controlled substance in penalty group one is a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (a), (d) (West 2017).

the State alleged that Appellant had two previous, sequential felony convictions, elevating his punishment range to twenty-five years to ninety-nine years or life imprisonment.[2]

Appellant elected to waive his right to a jury trial and entered pleas of "guilty" to both charges and "true" to the enhancement allegations in each case. Appellant rejected the State's plea bargain offers and elected to have the trial court assess punishment. The trial court ordered a presentence investigation report and scheduled a sentencing hearing. After reviewing the presentence report and hearing argument of counsel at the punishment hearing, the trial court sentenced Appellant to imprisonment for thirty-five years in each case. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In one issue in the possession of a controlled substance case, Appellant argues that the stipulation of evidence the State offered to support Appellant's plea of "guilty" is insufficient because the stipulation does not embrace all the elements of the offense, and in fact, alleged a completely different offense. The State concedes that the stipulation of evidence is insufficient and cannot be overcome by any other source of evidence in the record that could arguably support Appellant's plea of "guilty" to the possession charge. Appellant and the State agree that the appropriate remedy is a remand of the possession of a controlled substance case for a new trial.

The United States Constitution does not require that the State present evidence in support of a "guilty" plea in Texas courts. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Article 1.15 of the code of criminal procedure constitutes "an additional procedural safeguard required by the State of Texas but not by federal constitutional law." *Id.* (quoting *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986)); *see also* TEX. CODE CRIM. PROC. ANN. Art. 1.15 (West 2005). A trial court is not authorized to render a conviction in a felony case based upon a plea of "guilty" without sufficient evidence to support same. *See* TEX. CODE CRIM. PROC. ANN. Art. 1.15. Evidence offered in support of a plea of "guilty" may take many forms. *Menefee*, 287 S.W.3d at 13. Article 1.15 expressly provides that a defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy; and such a proffer or stipulation of evidence will suffice to support the guilty plea so

---

[2] *See* TEX. PENAL CODE ANN. § 12.42 (d) (West 2019).

2

long as it embraces every constituent element of the charged offense. TEX. CODE CRIM. PROC. ANN. Art. 1.15. Alternatively, Texas case law recognizes that a defendant may enter a sworn written statement, or may testify under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea. *Menefee*, 287 S.W.3d at 13. However, a stipulation of evidence or judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict. *Id.* at 14. A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error. *Id.*

A review of the record reveals that the stipulation of evidence the State offered to substantiate Appellant's "guilty" plea in the possession of a controlled substance case does not embrace the elements of the offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (a), (d) (West 2017). The stipulation offered in the possession case is the same stipulation offered by the State in the obstruction or retaliation case and tracks the language of the indictment returned against Appellant for the offense of obstruction or retaliation. *See* TEX. PENAL CODE ANN. § 36.06 (a) (1) (A) (West 2016). As the State concedes, there is no other evidence in the record to support Appellant's "guilty" plea to the possession charge. Thus, we sustain Appellant's sole issue and hold the evidence insufficient to support Appellant's "guilty" plea to the possession charge. *McClain v. State*, 730 S.W.2d 739, 743 (Tex. Crim. App. 1987).

Evidentiary sufficiency to support a guilty plea is trial error and does not result in an acquittal. *Bender v. State,* 758 S.W.2d 278, 280–81 (Tex. Crim. App. 1988); *Baggett v. State*, 342 S.W.3d 172, 175 (Tex. App.—Texarkana 2011, no pet.). Accordingly, the appropriate remedy in this case is to remand for a new trial. *See McClain*, 730 S.W.2d at 743; *see also Bender*, 758 S.W.3d at 281; *Baggett*, 342 S.W.3d at 175.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

In the obstruction or retaliation case, Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has diligently reviewed and evaluated the appellate record and found no error for our review. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief

contains a thorough professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3]

We have considered counsel's brief and conducted our own independent review of the record. *Id.* at 811. We have found no reversible error.

## CONCLUSION

With respect to appellate cause number 12-19-00401-CR, the possession of a controlled substance case, we *reverse* the trial court's judgment and *remand* the case to the trial court for a new trial.

And with respect to appellate cause number 12-19-00400-CR, the obstruction or retaliation case, Appellant's counsel has moved for leave to withdraw as required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal in the obstruction or retaliation case is wholly frivolous. Accordingly, we *grant* counsel's motion for leave to withdraw. We *affirm* the trial court's judgment in the obstruction or retaliation case.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP.

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 21, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 21, 2020

NO. 12-19-00400-CR

**WILLIE JAMES GREEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

_____

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0931-19)
_____

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2020**

**NO. 12-19-00401-CR**

**WILLIE JAMES GREEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0932-19)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment as entered by the trial court and that the same should be **reversed** and the cause **remanded** to the court below for a new trial.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be reversed** and the cause **remanded for a new trial** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*