# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-25-00032-CR

_____


GERALD MICHAUL HIAM, JR., Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 17,751


Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Appellant, Gerald Michaul Hiam, Jr., pled guilty to the felony offense of aggravated robbery, and an Upshur County jury found him guilty in accordance with his plea.[1] Following a trial on punishment, the jury assessed a sentence of seventy-five years' imprisonment and a $10,000.00 fine. On appeal, Hiam contends that (1) the evidence was legally insufficient to prove that the handgun he displayed was a deadly weapon and (2) the trial court failed to include the fine and court costs in its oral pronouncement.

We find that Hiam stipulated that the handgun he used was a deadly weapon and that the trial court properly assessed the fine and court costs in accordance with the jury's verdict. Even so, we modify the trial court's judgment to reflect the proper spelling of Hiam's middle name and affirm the trial court's judgment, as modified.

## I. Background

Around 5:45 a.m., Rebecca Ducker arrived at her work at the Gilmer Food Mart in Gilmer, Texas, and turned the alarm off. Just after she approached the counter and turned on the lottery machine, she heard a man say, "[This is] a holdup." When she looked up, she saw a man pointing a gun at her. The man, who was wearing a ski mask, said he wanted all the money. Ducker opened the cash register and gave him $300.00. Hiam grabbed her cell phone, threw it, and then left the store. After he left the store, Ducker located her cell phone and called 9-1-1.

A few months later, Hiam was arrested and charged with the first-degree-felony offense of aggravated robbery. The indictment alleged that Hiam,

---

[1]*See* TEX. PENAL CODE ANN. § 29.03.

2

while in the course of committing theft of property and with intent to obtain or maintain control of property, intentionally and knowingly threaten[ed] or place[d] REBECCA DUCKER in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a handgun.

At trial, Hiam entered a plea of guilty after the State read the indictment. Hiam and his counsel signed a stipulation of evidence, which was admitted into evidence. According to that document, Hiam stipulated that "[a]ll of the matters and things set forth and alleged in the Indictment . . . [were] true and correct" and confessed that he

did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of property, intentionally and knowingly threaten[ed] or place[d] Rebecca Ducker in fear of imminent bodily injury or death, and [he] did then and there use or exhibit a deadly weapon, to-wit: a handgun.

The jury was instructed to return a verdict of guilt based on Hiam's stipulation, and after hearing punishment evidence, the jury returned a verdict against Hiam and sentenced him to seventy-five years' imprisonment and a $10,000.00 fine.

## II.     Sufficiency of the Deadly Weapon Finding

Hiam raises no complaint with respect to the sufficiency of the evidence showing that he robbed Ducker. Instead, he contends that the "evidence was legally insufficient to prove that the handgun displayed, a BB gun, was a deadly weapon."

A judgment of conviction may not be rendered in a felony case based on "a plea of guilty 'without sufficient evidence to support the same.'" *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (quoting TEX. CODE CRIM. PROC. ANN. art. 1.15). Article 1.15 of the Texas Code of Criminal Procedure requires that the defendant's guilt be established by "evidence in addition to, and independent of, the plea itself." *Baggett v. State*, 342 S.W.3d 172, 175 (Tex.

3

App.—Texarkana 2011, no pet.) (quoting *Menefee*, 287 S.W.3d at 14); *see* TEX. CODE CRIM. PROC. ANN. art. 1.15. This is because a plea of guilty to the charges in the indictment is not equivalent to "confessing to the truth and correctness of the indictment." *Menefee*, 287 S.W.3d at 15.

However, a sworn statement by the defendant acknowledging that the allegations against him are true and correct will support a guilty plea, "so long as such a judicial confession covers all of the elements of the charged offense." *Id.* at 13. Here, Hiam's stipulation covered every element of the indictment and also included a confession that Hiam exhibited a deadly weapon during the offense. As a result, Hiam's sworn stipulation was legally "sufficient to support a deadly weapon finding, regardless of whether additional evidence was presented at trial." *Clark v. State*, No. 06-13-00156-CR, 2014 WL 2152005, at *2 (Tex. App.—Texarkana May 21, 2014, no pet.) (mem. op., not designated for publication); *see Menefee*, 287 S.W.3d at 15; *see also Wooten v. State*, No. 06-19-00031-CR, 2019 WL 3518925, at *2 (Tex. App.—Texarkana Aug. 2, 2019, no pet.) (mem. op., not designated for publication).

Because Hiam's stipulation and judicial confession are legally sufficient to support the judgment under Article 1.15, we overrule Hiam's first point of error.

## III. Trial Court Properly Imposed the Fine and Court Costs

In his second point of error, Hiam contends that the trial court's judgment should be modified to remove the $10,000.00 fine and $299.00 in court costs because they were not part of the trial court's oral pronouncement at sentencing. Because the reporter's record shows that the

4

fine was read to Hiam, and the law does not require oral pronouncement of court costs, we overrule Hiam's second point of error.

After the jury returned its verdict, the trial court made the following statement:

> [T]he verdict reads: We the jury having found the defendant[,] Gerald Michaul Hiam, Jr.[,] guilty of the offense of aggravated robbery assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 75 years. And we further choose to assess a fine in the amount of $10,000. You may be seated.

The trial court then continued,

> Mr. Hiam, you came before the court and jury and entered a plea of guilty to the offense as set out in the indictment. The evidence was submitted and the jury was charged and after deliberating returned a verdict finding you guilty and sentencing you to 75 years in prison and a fine of $10,000.

However, as Haim points out, when the trial court later orally pronounced the sentence, it failed to include the $10,000.00 fine.

> The Texas Court of Criminal Appeals has held that, although
>
> oral pronouncement of sentence has been held to control over a conflicting sentence embodied in the written judgment, that rule of precedence does not apply when a jury . . . assesses the conflicting aspect of punishment and the jury's lawful verdict is correctly read aloud in the defendant's presence.

*Ette v. State*, 559 S.W.3d 511, 515 (Tex. Crim. App. 2018). In that circumstance, the appellant is not deprived of notice that the punishment included a fine. *Id.* at 517 ("Because a jury's lawful verdict must be imposed as the trial court's judgment, appellant was not deprived of notice that his punishment included a $10,000 fine due to the trial judge's failure to restate the fine when orally pronouncing sentence."). As a result, we hold that the $10,000.00 fine was properly imposed.

5

Hiam also complains that, while the trial court included $299.00 in court costs in its written judgment, it did not include that assessment in its oral pronouncement. However, court costs are not part of the sentence and "need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011). For these reasons, we overrule Hiam's second point of error.

## IV. We Modify the Trial Court's Judgment

Although we have overruled Hiam's points of error, we have found a clerical error in the trial court's judgment. The State's indictment, jury charge, and the evidence at trial, including Hiam's stipulation, show that Hiam's middle name is spelled "Michaul." Even so, the trial court spelled Hiam's middle name as "Michael" in its judgment.

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)).

To properly reflect the record, we modify the trial court's judgment to correct the misspelling of Hiam's middle name.

## V. Conclusion

We modify the trial court's judgment to show that Hiam's middle name is spelled "Michaul." As modified, we affirm the trial court's judgment.


Scott E. Stevens
Chief Justice

Date Submitted:    July 18, 2025
Date Decided:     July 29, 2025

Do Not Publish